FILED

06 OCT 31 AM 9:10

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT and GAYTONNE LOUGHNEY,<br><br>　　　　　　　　　　　Plaintiffs,<br>vs.<br><br>ALLSTATE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 06cv1020-LAB (RBB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Dkt No. 14] |

　　　This matter is before the court on defendant Allstate Insurance Company's ("Allstate") Motion For Judgment On The Pleadings ("Motion") in this action alleging breach of insurance contract and bad faith. Allstate removed the case from state court on the basis of diversity jurisdiction. Plaintiffs Vincent and Gaytonne Loughney ("Loughneys") allege in their Complaint their Oceanside, California property was damaged in 2005 by a landslide caused by the negligence of the City of Oceanside "for failing to maintain water lines and sewer lines in and around the neighborhood." Compl. ¶ 9. They allege Allstate wrongfully denied payment of their claim under their homeowners insurance policy. The Loughneys filed Opposition to the Motion, and Allstate filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **GRANTED**, and the Complaint is dismissed with prejudice.

Judgment on the pleadings under FED. R. CIV. P. 12(c) "is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). Allstate must show there is no potential for a covered claim in order to prevail on its Motion and "bears the burden of bringing itself within a policy's exclusionary clauses," which are "strictly construed." HS Services, Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 645 (9th Cir. 1997). The court finds consideration of the insurance policy in deciding Allstate's Motion does not convert it into one for summary judgment. The parties do not contest the validity or authenticity of the insurance policy upon which the Loughneys necessarily rely for their claims. Although plaintiffs attached to their Complaint only the Declarations page of the policy, they explicitly refer to the policy, and their entitlement to relief depends upon Allstate's obligations under the terms of the policy. Allstate has provided a copy in support of its Motion. *See* Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (holding consideration of documents whose authenticity is uncontested and whose contents are alleged in the complaint does not covert a motion to dismiss into a motion for summary judgment), *overruled on other grounds in* Galbraith v. County of Santa Clara, 307 F.3d 1110 (2002).

The causes of action in this diversity case are governed by California law. Under California law, a claim for coverage under an insurance policy is a contract claim. Hameid v. National Fire Ins. of Hartford, 31 Cal.4th 16 (2003). A court construing an insurance contract looks first to the specific language of coverage and exclusion provisions. Words in an insurance policy are to be understood in their ordinary sense unless given special meanings by the policy. Id. at 21; *see also* Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 18 (1995). If the terms are clear and unambiguous, the court goes no further than to ascertain intent from the written provisions. Maryland Cas. Co. v. Nationwide Ins. Co., 65 Cal.App.4th 21, 28-29 (1998).

The Loughneys allege two causes of loss: earth movement/landslide and third-party negligence. In opposition to the Motion, they do not dispute Allstate's demonstration that the policy expressly excludes coverage for damage from either of those causes. Instead, they cite a coverage provision which they contend creates "a possibility of recovery under Plaintiffs' complaint even assuming the interpretation of the contract forwarded by Allstate," urging the court to give them the

1 | "benefit of the doubt in interpreting the allegations of the contract [sic]." Opp. 3:12-14. The coverage
2 | clause the Loughneys identify provides:

> We do cover sudden and accidental direct physical loss *caused by* fire explosion, theft, or breakage of glass or safety glazing materials *resulting from* earth movement.

5 | Opp. 3:10-12 (emphasis added).

However, a bare quotation from the insurance policy creates no "doubt" of which the court can give plaintiffs any benefit. The Loughneys' request for leave to amend if the court is inclined to grant the Motion makes no representation as to how the facts of their case raise even arguable potential for coverage under the cited provision. The Complaint contains no allegation of fire explosion, theft, or glass breakage causing an ensuing loss that could bring their claims within policy coverage. As observed by Allstate, an "ensuing loss" provision "creates coverage *only* if an excluded cause of loss (here, landslide) resulted in a secondary peril (such as a fire) that itself is covered by the policy, and this secondary peril caused a loss." Reply 5:18-23 ("[i]n other words, if a landslide causes a house to catch on fire, then Allstate would pay for the damage caused by the fire"), *citing* <u>Acme Galvanizing Co. v. Fireman's Fund Ins. Co.</u>, 221 Cal.App.3d 170, 179-80 (1990) (discussing ensuing loss provisions and finding no peril separate and in addition to the initial excluded peril, precluding coverage). The Loughneys' Complaint does not allege any secondary peril covered by their policy caused damage to their property, and their Opposition suggests none.

The underlying facts are undisputed, so the interpretation of the insurance policy presents a question of law. <u>Brodkin v. State Farm Fire & Cas. Co.</u>, 217 Cal.App.3d 210, 216 (1989). California subscribes to the "efficient proximate cause of loss" theory as the coverage trigger. <u>Id.</u> ("In a first party claim case, such as the one before us, whether a claim is covered or excluded under the terms of the policy turns not on whether the alleged cause of the loss was a concurrent cause of the damage, but whether it was the 'efficient proximate cause' of the loss"); *see* <u>Garvey v. State Farm Fire & Cas. Co.</u>, 48 Cal.3d 395, 401-04 (1989). The "efficient proximate cause" is the "one that sets the others in motion." <u>Sabella v. Wisler</u>, 59 Cal.2d 21, 31-32 (1963) (it is the "cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster"). Where forces of nature such as landslides cause damage, and negligence set the

1  phenomenon in motion, the negligence is deemed the efficient proximate cause of the damage. *See*
2  Tento Int'l, Inc. v. State Farm Fire & Cas. Co., 222 F.3d 660, 662 (9th Cir. 2000). There is no coverage
3  under an insurance policy when the cause of damage is an excluded peril. *See* Waldsmith v. State
4  Farm Fire & Cas. Co., 232 Cal.App.3d 693, 697 (1991) ("Neither the ultimate cause of the loss
5  (landslide) nor the . . . efficient proximate cause (negligent maintenance by the city) was a covered
6  peril [so there is] no coverage under the policy"); Julian v. Hartford Underwriters Ins., Inc., 35 Cal.4th
7  747, 757 (2005) (where the efficient proximate cause of the loss is an excluded peril, the loss is not
8  covered, even if a covered peril contributed to the loss); *see* Garvey, 48 Cal.3d at 398-401.

9        The Loughneys offer no support for their theory they could potentially amend the Complaint
10 to state a claim on these facts under this policy. Any amendment to the Complaint adequate to save
11 this action would have to adopt a position different from the position plaintiffs have taken in this case
12 and in a state court case seeking a $20,000,000 recovery from the City for allegedly causing the
13 landslide and resulting property damage through its negligence.[1] The Loughneys have stated their
14 causation facts to be the City of Oceanside's negligence caused the slope to fail, resulting in property
15 damage from the ensuing landslide.

16       The court finds the breach of contract claim fails as a matter of law because the claim's viability
17 depends upon the existence of coverage for two causes of damage (landslide and third-party
18 negligence) explicitly excluded under the plain language of the Loughneys' homeowner's policy. An
19 insurer breaches the implied covenant of good faith and fair dealing when it unreasonably withholds
20 benefits due under the insurance contract. Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1151
21 n. 10 (1990). Absent withholding of benefits due under the contract, there is neither a breach of
22 contract nor a breach of the implied covenant. Id.; *see* Gunderson v. Fire Ins. Exchange, 37
23 Cal.App.4th 1106, 1119 (1995) ("Because there was no breach of the insurance contract, appellant's
24 bad faith claim also fails"); *see also* Waller, 11 Cal.4th at 36.
25 \\
26

---

27/28  [1] A court may take judicial notice of court proceedings. *See* FED. R. EVID. 201(b)(2). Allstate requests judicial notice of the allegations in County of San Diego Superior Court Case No. GIN044820, in which Mr. Loughney is one of several named plaintiffs suing the City of Oceanside for negligence, among other things, arising out of the same landslide forming the subject matter of this litigation. Dkt No. 28.

1     For the foregoing reasons, **IT IS HEREBY ORDERED** Allstate's Motion For Judgment On
2 The Pleadings is **GRANTED**, and the Complaint is dismissed without leave to amend.

3     **IT IS SO ORDERED.**
4 DATED: 10-29-06

    _/s/ Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc: MAGISTRATE JUDGE RUBEN B. BROOKS
    ALL COUNSEL OF RECORD